UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CRARY , <br><br>                    Plaintiff, <br>       v. <br><br> STATE OF WASHINGTON, <br><br>                    Defendant. | CASE NO. 3:25-cv-06082-DGE <br><br> ORDER DISMISSING COMPLAINT |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding pro se and *in forma pauperis* ("IFP"), has submitted a complaint against the State of Washington. (Dkt. No. 9.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

ORDER DISMISSING COMPLAINT - 1

1 | limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc ).

2 | "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief

3 | can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure

4 | 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

5 | 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening

6 | pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a

7 | claim under Federal Rule of Civil Procedure 12(b)(6)").

8 |      Absent from Plaintiff's complaint is any information or legal authority identifying a

9 | cognizable cause of action. In the section reserved for Plaintiff to state his claim, Plaintiff

10 | includes the following phrase: "to be declared by the court[.]" (Dkt. No. 9 at 5.) In an

11 | attachment to his complaint, Plaintiff alleges a "high crime of genocide" by King County to

12 | "extort paintings through acts of mayhem purposing to profit war criminals." (*Id.* at 8.) Plaintiff

13 | alleges he was "mutilated" based on "Aztec sacrificialism" and that his entire life's work was

14 | "siphoned off by murderers." (*Id.*) Plaintiff accuses Yoko Ono and the Beatles of "mayhem" to

15 | "aggravate higher interest rates" along with "torture, rape, arson, and deranged surveillance"

16 | which led to Plaintiff developing "Parkinsons, diabetes, deafness, glaucoma, and permanent

17 | trauma." (*Id.*) Plaintiff has submitted other documents with similar allegations (Dkt. Nos. 6, 7,

18 | 10) and attached a declaration from a physician indicating possible mental health issues. (Dkt.

19 | No. 9-1 at 2.)

20 |      The Court is sensitive to Plaintiff's potential mental health challenges. Nevertheless,

21 | Plaintiff's complaint as presented is frivolous and fails to state a claim upon which relief may be

22 | granted. "Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant

23 | is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to

24 |

dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, leave to amend is properly denied if amendment would be futile. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). Here, given the frivolous nature of Plaintiff's complaint, the Court finds amendment would be futile.

Accordingly, the Court DISMISSES Plaintiff's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated this 22nd day of December, 2025.

David G. Estudillo
United States District Judge